Thomas S. Boothe (WSB No. 21759)
Attorney at Law
7635 SW Westmoor Way
Portland, OR 97225-2138
Tele: 503.292.5800 (office)
       503.292.5556 (fax)
E-mail: tsb@boothehouse.com

```
FILED _____ LODGED
        _____ RECEIVED

        AUG 27 2004

     CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

Issued # 511676

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROLANDO HERNANDEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF VANCOUVER and MARK TANNINEN,<br><br>         Defendants. | No. **C04 5539 FDB**<br><br>COMPLAINT<br><br>[JURY TRIAL DEMAND] |

Plaintiff alleges:

## I.

## JURISDICTION AND VENUE

1.1   This is a civil action for damages and attorney fees for perceived race and national origin based hostile environment, desperate treatment, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); 42 U.S.C. § 1981; 42 U.S.C. § 1983; and 42 U.S.C. § 1985.

1.2   Jurisdiction for the federal claims exists under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

Page 1 - COMPLAINT

04-CV-05539-CMP

1.3   The state law claims are for employment discrimination pursuant to the Washington Law Against Discrimination, R.C.W. 49.060, as well as for intentional infliction of emotional distress.

1.4   Jurisdiction for the state claims exists under 28 U.S.C. § 1367.

1.5   Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(b) because this is a civil action arising from a federal claim, and plaintiff's claims arose within this judicial district.

## II

## PARTIES

2.1   Rolando Hernandez is a resident of the state of Washington and is employed by the City of Vancouver as a mechanic.

2.2   The City of Vancouver is a municipality in Clark County.

2.3   Mark Tanninen is a resident of the State of Washington who was employed by the City of Vancouver as a supervisor in the Vancouver Fire Department emergency vehicle repair and maintenance shop commonly known as the fire shop.

## III

## JURY TRIAL DEMAND

3.1   Plaintiff hereby demands his right to present this matter for trial by a jury.

## IV

## FACTS

4.1   During or about June of 1999, plaintiff transferred from his position as a mechanic in defendant's central motor pool to a position as a Mechanic-Emergency Vehicles in the fire shop.

4.2   When plaintiff transferred into the fire shop, defendant Tanninen was a supervisor of defendant.

Page 2 - COMPLAINT

4.3  As soon as plaintiff began work in the fire shop coworkers refused to talk to him, excluded him from activities, and otherwise gave him a cold shoulder.

4.4  From the early months of his employment in the fire shop, plaintiff found his work sabotaged and his tools vandalized.

4.5  By the fall of 1999, certain of plaintiff's coworkers were hypercriticizing plaintiff's work.

4.6  Plaintiff's supervisors treated plaintiff differently, providing replacement equipment to coworkers but refusing to add tools or replace tools for plaintiff other than through his tool allowance.

4.7  By the fall of 2000, plaintiff was being given demeaning tasks, lesser repair projects, and made to more closely account for his time than his coworkers in the fire shop.

4.8  By late spring of 2001, defendant was aware that there was a problem in the fire shop, that plaintiff was ostracized by his coworkers in the fire shop, and he was receiving a cold shoulder, that he was the subject of differential treatment.

4.9  A coworker of plaintiff advised defendant in an exit interview that the wrongful treatment of plaintiff by the fire shop coworkers was because plaintiff was Mexican.

4.10  The cold shoulder continued without relief, with plaintiff experiencing differential treatment regarding breaks, work assignments, and degree of supervision.

4.11  Defendant misrepresented to plaintiff the fact and quality of an investigation that was being undertaken about vandalism of plaintiff's tools and equipment, lost or destroyed key evidence of the vandalism, and then threatened plaintiff when he complained about it.

4.12  Defendant and defendant's employees from time to time undertook investigations and other action based on complaints and concerns expressed regarding the treatment of plaintiff. The investigation and actions by defendant and defendant's employees were not intended to be neutral or find the truth of the circumstances, but rather were a tool to cover up the truth, dissuade complainants or otherwise downplay plaintiff's suffering so as to

Page  3  -  COMPLAINT

1   offer a defense to possible claims from plaintiff that defendant and its employees knew or
2   reasonably anticipated would be forthcoming.

3       4.13   The harassment, differential treatment, and other acts of coworker
4   discrimination continued by coworkers and supervisors until collectively created an intolerably
5   hostile workplace to plaintiff's detriment.

6       4.14   Plaintiff consulted with attorney Greg Ferguson for assistance in dealing with
7   the harassment he was experiencing.

8       4.15   As part of his representation of plaintiff, Greg Ferguson spoke with defendant
9   Mark Tanninen, who had by that time terminated his employment with the City of Vancouver.
10  Defendant Tanninen confirmed plaintiff's reports of racially- and national origin-based
11  harassment in the fire shop.

12      4.16   On or about September 16, 2003, when Greg Ferguson was preparing to leave
13  his office to meet with Mr. Tanninen to obtain a signed witness statement, Mr. Tanninen called
14  to advise he would not meet with Mr. Ferguson. Mr. Tanninen reported that he had spoken
15  with Assistant Chief Steve Streissguth, who had advised that it was not in the interests of the
16  City for Mr. Tanninen to cooperate with Mr. Ferguson. Mr. Tanninen declined further
17  contact with Mr. Ferguson.

18      4.17   When plaintiff responded to coworker baiting, plaintiff experienced retaliation
19  as he was written up, sanctioned and transferred back to Central Operations, the motor pool
20  from which he had earlier transferred to the Fire Shop. The transfer to the Central Motor Pool
21  resulted in a reduction in pay, loss of pension benefits, and reduced opportunity for
22  advancement.

23      4.18   Plaintiff timely filed a complaint with the Equal Employment Opportunity
24  Commission, Seattle District Office, alleging violation of Title VII of the Civil Rights Act of
25  1964, as amended.

26

Page   4   -   COMPLAINT

4.19    The Equal Employment Opportunity Commission conducted a lengthy investigation and entered a cause finding sustaining plaintiff's complaint that violations of Title VII of the Civil Rights Act of 1964 had occurred.

4.20    The Equal Employment Opportunity Commission issued its Notice of Right to Sue, which plaintiff received on June 8, 2004.

4.21    Plaintiff served a Tort Claim Notice to the City of Vancouver on September 16, 2002. Plaintiff served an amended Tort Claim Notice, adding additional specifications on October 14, 2002. Plaintiff served a Second Amended and Supplemental Tort Claim Notice to the City of Vancouver on June 18, 2004, adding additional specifications.

V

**CLAIM ONE: TITLE VII**

5.1    Plaintiff realleges paragraphs 1.1 through 4.21.

5.2    Plaintiff was treated differently in his job assignments, condition of work, access to free time, opportunity for advancement and discipline, all in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e, et. seq.

5.3    Plaintiff was subjected to unwelcome verbal and physical conduct of a racial nature sufficiently severe to alter the conditions of his workplace and create and foster an abusive and hostile working environment for him, all in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 USC § 2000e, et seq.

5.4    Plaintiff objected to the treatment to which he was subjected, initiated a proceeding to address the violations of his civil rights, and was thereupon made subject to harassment for exercising his rights, all in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e, et. seq.

5.5    The actions taken by defendant City of Vancouver and defendant's employees against plaintiff were motivated in whole or in part by plaintiff's race or defendant and defendant's employees' perception of plaintiff's race.

Page   5   -   COMPLAINT

Case 3:04-cv-05539-FDB    Document 1    Filed 08/27/2004    Page 6 of 10

5.6  As a result of defendants' actions, plaintiff suffered humiliation, emotional distress and evidenced physical manifestation of the stress so extreme that it required medical care.

5.7  It has been necessary for plaintiff to secure the services of an attorney in connection with pursuing his rights in this matter. Plaintiff seeks an award of his reasonable attorney fees pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e-5(k).

## VI

## CLAIM TWO: 42 USC § 1981

6.1  Plaintiff realleges paragraphs 4.1 through 4.21.

6.2  The actions against plaintiff were asserted against him because of his perceived race and national origin.

6.3  The actions against plaintiff were retaliatory against him for asserting his civil rights and objecting to the discrimination.

6.4  Defendant City of Vancouver personnel had no legitimate reason for the actions taken against plaintiff.

6.5  The retaliatory actions were initiated and maintained with discriminatory intent against plaintiff as a result of his race and national origin.

6.6  As a result of defendant City of Vancouver actions, plaintiff suffered humiliation, emotional distress and evidenced physical manifestation of the stress that required medical care.

6.7  It has been necessary for plaintiff to secure the services of an attorney in connection with pursuing his rights in this matter. Plaintiff seeks an award of his reasonable attorney fees pursuant to 42 USC § 1988.

--------

--------

Page  6  -  COMPLAINT

Thomas S. Boothe
ATTORNEY AT LAW
7635 SW Westmoor Way, Portland, Oregon 97225-2138
Telephone (503) 292-3800

## VII

## CLAIM THREE: 42 USC § 1983

7.1   Plaintiff realleges paragraphs 4.1 through 4.21.

7.2   Plaintiff was the target of racial and ethnic harassment because of his race and national origin.

7.3   Defendant City of Vancouver failed to adequately protect plaintiff through its failure to adequately investigate and pursue the allegations regarding the on-duty and workplace actions of defendant's employees, and by covering up, or conspiring to cover up the evidence of the harassing actions against plaintiff.

7.4   Defendant Tanninen worked in concert with defendant City of Vancouver to cover up facts of the City of Vancouver's harassment of plaintiff.

7.5   As a result of defendant City of Vancouver's actions, plaintiff suffered humiliation, emotional distress and evidenced physical manifestation of the stress that required medical care.

7.6   After responding to the continual goading of his coworkers, plaintiff was discharged with a disciplinary violation and subsequently transferred to a lesser paying job which offered no pension benefits.

7.7   It has been necessary for plaintiff to secure the services of an attorney in connection with pursuing his rights in this matter. Plaintiff seeks an award of his reasonable attorney fees pursuant to 42 USC § 1988.

## VIII

## CLAIM FOUR: 42 USC § 1985

8.1   Plaintiff realleges paragraphs 4.1 through 4.21.

8.2   Defendant City of Vancouver's supervisory personnel and its employees acted together and in concert to try to: deter or subvert investigation into defendant's actions, to cover up their actions, and to otherwise preclude plaintiff from pursuing his rights and

Page   7   -   COMPLAINT

1  otherwise receiving the full protection of the law so as to be able to go about his ordinary
2  duties.

3      8.3    Defendant Tanninen aided and abetted defendant City of Vancouver and its
4  employees in their efforts to subvert the investigation into the harassment complained of by or
5  on behalf of plaintiff.

6      8.4    As a result of defendants' actions, plaintiff suffered humiliation, emotional
7  distress and evidenced physical manifestation of the stress that required medical care.

8      8.5    It has been necessary for plaintiff to secure the services of an attorney in
9  connection with pursuing his rights in this matter. Plaintiff seeks an award of his reasonable
10 attorney fees.

11                                   **IX**

12          **CLAIM FIVE: VIOLATION OF STATE LAW – RCW 49.60.030**

13     9.1    Plaintiff realleges paragraphs 4.1 through 4.21.

14     9.2    Defendant City of Vancouver's actions violated plaintiff's right to obtain and
15 hold employment without discrimination, in violation of RCW 49.60.030.

16     9.3    Defendant City of Vancouver's actions further discriminated against plaintiff
17 and terms and conditions of his employment because of his race, creed, color and national
18 origin, in violation of RCW 49.60.180.

19     9.4    Defendant Tanninen abetted and encouraged defendant City of Vancouver in
20 denying plaintiff's rights and ability to obtain protection from the harassment to which plaintiff
21 was subjected.

22     9.5    As a result of defendant's actions, plaintiff suffered humiliation, emotional
23 distress and evidenced physical manifestation of the stress that required medical care.

24     9.6    It has been necessary for plaintiff to retain the services of an attorney to protect
25 his rights as set forth above. Pursuant to RCW 49.60.030(2), plaintiff requests his costs of suit
26 and reasonable attorney fees incurred herein.

Page   8   -   COMPLAINT

X

**CLAIM SIX: VIOLATION OF STATE LAW - RCW 49.60.180(3); 49.60.210(2); 49.60.220**

10.1   Plaintiff realleges paragraphs 4.1 through 4.21.

10.2   Plaintiff reported a violation of state and federal antidiscrimination laws.

10.3   Defendant Tanninen abetted and encouraged defendant City of Vancouver's efforts to deny plaintiff protection from state and federal antidiscrimination.

10.4   In retaliation, plaintiff was subjected to further harassment.

10.5   Defendants' actions violated RCW 49.60.180(3) and 49.60.210(2).

10.6   It has been necessary for plaintiff to secure the services of an attorney in connection with pursuing his rights in this matter. Plaintiff seeks an award of his reasonable attorney fees pursuant to RCW 49.60.030(2).

XI

**DAMAGES**

11.1   As a result of defendants' actions and omissions, plaintiff has experienced a reduction in pay, loss of front pay, lost pension benefits through transfer to a position that has no pension or profit sharing plan, and emotional distress.

11.2   For defendant City of Vancouver's actions and omissions, plaintiff prays for judgment against the City of Vancouver in an amount that the jury believes fair and reasonable, but in no event totaling more than $2,500,000.

11.3   For defendant Tanninen's actions and omissions, plaintiff prays for judgment against defendant Tanninen in an amount that the jury believes fair and reasonable, but in no event totaling more than $100,000.

WHEREFORE, plaintiff prays for judgment in favor of plaintiff and against defendants as follows:

A.   For an amount from the City of Vancouver that the jury believes fair and reasonable under all of the circumstances, but in no event more than $2,500,000;

THOMAS S. BOOTHE
ATTORNEY AT LAW
7635 SW Westmoor Way, Portland, Oregon 97225-2138
Telephone (503) 292-5800

1      B.    For an amount from Mark Tanninen that the jury believes fair and reasonable
2 under all of the circumstances, but in no event more than $100,000.

3      C.    On Claims I through VI, for his reasonable attorney fees and costs;

4      D.    For plaintiff's reasonable costs and disbursements of bringing this action;

5      E.    For prejudgment interest; and

6      F.    For such other and further relief as this Court deems just and equitable.

7    DATED: August 27, 2004.

*Thomas S. Boothe*
Thomas S. Boothe, WSB No. 21759
Attorney for Plaintiff

10  Hernandez.C2

Page 10 - COMPLAINT

THOMAS S. BOOTHE
ATTORNEY AT LAW
7635 SW Westmoor Way, Portland, Oregon 97225-2138
Telephone (503) 292-5800