Thomas S. Boothe, WSBA No. 21759
7635 SW Westmoor Way
Portland, OR  97225-2138
Tele:  503.292.5800 (office)
          503.292.5556 (fax)
E-mail:  tsb@boothehouse.com

    Attorney for Plaintiff

Edwin A. Harnden, WSBA No. 32478

Barran Liebman LLP
Suite 2300
601 SW 2nd Avenue
Portland, OR  97204
Tele:  503.276.2101 (office
          503.274.1212
E-mail:  eharnden@barran.com

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **ROLANDO HERNANDEZ**,<br><br>    Plaintiff,<br><br>v.<br><br>**CITY OF VANCOUVER** and **MARK TANNINEN**,<br><br>    Defendants. | No. C04-5539 FDB<br><br>**STIPULATED PROTECTIVE ORDER** |

It is hereby ORDERED that the following conditions shall regulate the use and disclosure of certain information provided by and to the parties and their attorneys in the above-entitled matter.

    **1.**    **Identification of Documents and Information Presumed Confidential.**

**A.     Categories of Information and Documents.**  This Protective Order covers the following specific categories of documents and information:

**(1)     Presumptively Confidential Information.** Names of minor children, social security numbers, drivers license numbers, brokerage account numbers, bank account numbers, credit card numbers, mother's maiden name, personal email addresses, passwords, pass codes, and any other information that is identified as protected by Washington General Rules Rule No. 31 are presumptively confidential.

**(2)     Presumptively Confidential Documents.**  Income tax returns (including any attached schedules or forms), W-2 forms, 1099 forms, paycheck stubs, and personnel records of employees who are not parties to this action are presumptively confidential.

**B.     Protection of Presumptively Confidential Information and Documents.**

**(1)     Redaction of Protected Information.** A party producing documents containing information specifically designated as protected pursuant to paragraph 1A(1) may redact the presumptively protected information before producing the document. If the redaction is not self-evident as to the category of information redacted, the nature of the information redacted shall be identified in a separate cumulative privilege log to be produced simultaneous with the production of the documents that have been redacted.

**(2)     Documents Designated as Confidential.** A party producing documents under paragraph 1A(2) may designate such documents as "confidential" by stamping each page for which production is sought with the legend (or a substantially similar legend) on the document, "Confidential, subject to a protective order".

**(3)     Deposition Transcripts; Interrogatory Responses.** A party may designate as confidential pages of a deposition transcript or specific responses to interrogatories containing information specifically protected under paragraph 1A(1) or

1A(2) by stamping each page for which protection is sought with the legend (or a substantially similar legend), "Confidential, subject to protective order".

**(4) Good Faith Standard.** All redacting and designating under paragraphs 1A(1) or 1A(2) shall be done on a good faith basis by counsel for the party making the claim of confidentiality and by the party making the claim of confidentiality under

paragraph 1A(1) or 1A(2). Counsel's representation shall be a representation under Federal Rules of Civil Procedure Rule 11.

**2. Other Documents.**

**A. Designation of Documents.** Documents in addition to those specifically designated as confidential pursuant to paragraph 1A(2) that a party believes in good faith are subject to protection as confidential under Federal Rules of Civil Procedure Rule 26(c)(7) may be designated as confidential on a page-by-page basis by stamping each page for which production is sought with the legend (or a substantially similar legend) "Confidential, subject to protective order".

**B. Good Faith Representation.** The designation of a document as confidential pursuant to paragraph 2A shall be based upon the good faith and informed representation by producing counsel and client that there exists good cause pursuant to Federal Rules of Civil Procedure Rule 26(c)(7) to represent that the designated document or information is confidential and subject to protection under the rule. Counsel, in making such designation, is specifically representing that he or she has satisfied his Federal Rules of Civil Procedure Rule 11 duties in making the determination.

**3. Protection of Documents Designated Confidential.** Documents, information, and discovery material stamped with the legend (or substantially similar legend) "Confidential, subject to protective order" or redacted, and all copies thereof, shall be maintained in confidence by counsel and all working by or through counsel and shall be used solely for the purpose of this litigation.

**4.     Disclosure is Limited to Identified Individuals.** Documents or other information designated "Confidential, subject to protective order" shall not be disclosed to any person except:

(1)     The Court;

(2)     Employees of law firms of counsel of record, each of whom shall be specifically bound by the terms of the stipulation and shall sign a consent to be bound thereto;

(3)     A party to the litigation;

(4)     Experts or consultants engaged by counsel of record to assist in this litigation.

**5.     Dispute as to Confidential Designation Pursuant to Paragraph 2**.

**A. No Prejudice to Right to Oppose Designation.** This Protective Order is without prejudice to any party's right to object to the designation of material pursuant to paragraph 2 as "Confidential, subject to protective order" and does not shift or alter the burden of proof with respect to establishing the material in question constitutes proprietary or otherwise confidential or sensitive information entitled to protection under Federal Rules of Civil Procedure Rule 26(c)(7).

**B. Process to Challenge Designation as Confidential**.     If a party's counsel disagrees with the designation of any document or discovery material pursuant to paragraph 2 as "Confidential, subject to protective order", counsel shall advise counsel for the producing party seeking protection in writing of the objection and identify the challenged document or material with sufficient specificity to permit the producing party to identify it. Within twenty-one (21) days of receiving the written objection, the party receiving the objection shall advise counsel for the objecting party whether the producing party will change the designation of the document or material. The parties shall make good-faith efforts to resolve any dispute regarding the designation of the document or material as confidential. If the parties cannot reach agreement, an

appropriate motion shall be filed with the Court. In going forward with any such motion, the parties seeking designation of a document or pages of a document as confidential shall have the burden of establishing the confidentiality of the document pages of a document under applicable law.

  **6.**   **Cumulative Privilege Log.**

    **A. Information on Cumulative Privilege Log.** Every redaction of information shall be identified on a cumulative privilege log. The log shall list the page of production or number of interrogatory response, and the basis for the redaction, i.e. social security number, minor child's name. The log shall further list any document withheld from production on the claim or privilege or work-product doctrine. All listings in the log shall be of sufficient detail to allow the opposing party to test the claim of confidentiality, privilege or other protection through the work-product doctrine. Nothing in the identification of the protected information or document in th log shall through the listing be deemed in itself a waiver of the claim of confidentiality, privilege or protection under the work product doctrine.

    **B. Bases for Claim of Privilege.** If a claim of privilege is challenged pursuant to paragraph 5, the basis for claim of privilege in the privilege log shall be the sole bases considered for defending the claim of confidentiality. No additional bases for claim of privilege may be asserted for a challenged document after the first challenge to the claim of confidentiality is asserted.

    **C. Delivery of Cumulative Privilege Log.** Each time a party delivers an interrogatory response for which a claim of confidentiality is asserted, or asserts confidentiality as to a deposition page, or withholds production of a document under claim of privilege or work-product doctrine, that party shall simultaneously deliver an updated cumulative privilege log listing the additional materials for which confidentiality, privilege or protection under the work-product doctrine is claimed.

7. **Modification and/or Vacation of Order.** Any party or any intervenor has the right to move, upon proper notice, to modify or vacate this Protective Order. The Court may, on its own motion, modify or vacate this protective order.

8. **Use of Confidential Documents in Motions or at Trial.** Nothing in this Protective Order shall prevent any document from being used as an exhibit to any motion or from being offered into evidence at any trial so long as the party who designated the document or information as "confidential" has reasonable notice of the document's proposed use to enable that party to seek protection from the Court.

9. **Use of Confidential Information in Other Litigation.** This Protective Order shall not be used as a ground or reason for refusing to produce any information or documents in any other litigation, including but not limited to civil, criminal, administrative, or arbitral proceedings, or in any government investigation, regardless of whether such information or document is sought pursuant to discovery request, subpoena, administrative subpoena or other means, provided that the recipient of the information signs an acknowledgment that he, she or it is bound by this Protective Order and will use the document and/or information only for purposes of the other matter. Should a party holding documents stamped "Confidential, subject to protective order" receive such a discovery request, subpoena, administrative subpoena or other request, that party shall, within seven (7) days of receipt of the request, provide a copy of the request to the party who produced the documents stamped "Confidential, subject to protective order" so as to enable that party to make such objection to the request as the producing party may choose.

10. **Information from Other Litigation or Settlements.** Neither party may withhold any information from any settlement or other litigation, whether civil, criminal, administrative, arbitral or the like, because of any confidentiality clause, protective order, private agreement or the like in such other settlement or litigation. Such information or documents may be stamped "Confidential, subject to protective order" under this

Protective Order provided that the information or documents are otherwise subject to protection within the terms of this Protective Order.

        **11. Disposition of Confidential Documents and Conclusion of Matter.** Within thirty (30) days after the final resolution of this action, all documents and discovery materials which at that time retain their designation and character as confidential shall be returned to the party producing them, together with all copies thereof or, in the alternative, counsel of record for each party in possession of such documents shall certify in writing that all such confidential documents and discovery materials and all copies thereof have been destroyed.

        **12. Continuing Protection for Confidential Information.** Insofar as the provisions of this Protective Order restrict the communication and use of documents, materials and/or information produced, this Protective Order shall continue to be binding after the conclusion of this litigation with regards to information that retained its character as confidential at the conclusion of this litigation, and subsequent disclosure can only be made with the express written permission of the party originally producing the protected information or as otherwise determined by this Court.

        **13. No Waiver of Other Objections.** Nothing in this Protective Order is a waiver of any other discovery or evidentiary objection.

        **14. Binding on Parties, Attorneys and Others.** This Protective Order shall be binding on the parties, their attorneys and the agents, employees, consultants and other persons employed or retained by the parties or their attorneys.

8/16/05

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

IT IS SO STIPULATED:

                BARRAN LIEBMAN LLP

| <u>/s/ Thomas S. Boothe</u> | By: <u>/s/EdwinA.Harnden</u> |
|---|---|
| Thomas S. Boothe, WSBA No. 21759 | <u>Edwin A. Harnden</u>, WSBA No. <u>32478</u> |
| Attorney for Plaintiff | Attorney for Defendants |

**CONSENT TO BE BOUND**

The undersigned hereby represents and warrants that he or she has read the Stipulated Protective Order in effect in the matter captioned *Hernandez v. City of Vancouver, et al.,* USDC (WD Wa) Civil No. C04-5539 FDB, and agrees to be bound by its terms through the course of his or her employment or retention in this matter and after as fully as he or she had signed the original Stipulated Protective Order.

DATED: _____, 2005.

                                        _____

                                                  Hernandez.s (Stip. Protective Order)