FILED

APR 14 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLANDO HERNANDEZ,<br><br>          Plaintiff - Appellant<br><br>   v.<br><br>CITY OF VANCOUVER; MARK TANNINEN,<br><br>          Defendants - Appellees | No. 06-35713<br><br>D.C. No. CV-04-05539-FDB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Argued and Submitted March 14, 2008
Seattle, Washington

Before: B. FLETCHER and PAEZ, Circuit Judges; SCHWARZER[**], District Judge

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Plaintiff-Appellant Rolando Hernandez, a former mechanic at the City of Vancouver's fire and emergency vehicle repair shop ("Fire Shop"), appeals the district court's order granting summary judgment in favor of Defendants-Appellees City of Vancouver and Mark Tanninen, Hernandez's former supervisor. Hernandez, a native and citizen of Mexico, asserted claims of disparate treatment, retaliation, and hostile work environment under 42 U.S.C. §§ 1981 and 1983. Hernandez also alleged that Tanninen conspired with city officials to bury proof of his employment discrimination claims in violation of 42 U.S.C. § 1985(3). On Defendants' motion, the district court granted summary judgment on all claims, citing Hernandez's purported lack of evidence. The district court erred; there are disputed issues of fact on Hernandez's claims. We reverse.

A district court's decision on a motion for summary judgment is reviewed *de novo*. *See Universal Health Servs. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We likewise review *de novo* a district court's determination that it lacks subject matter jurisdiction due to failure to exhaust administrative remedies. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). Evidentiary rulings made in the context of summary judgment are reviewed for an abuse of discretion. *Fonseca v. Sysco Food Serv. of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004).

Initially, the district court concluded that it lacked subject matter jurisdiction over Hernandez's retaliation claim, because that claim was not specifically alleged in Hernandez's Equal Employment Opportunity Commission ("EEOC") charges. "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) (emphasis in original) (internal quotation marks omitted). Hernandez's retaliation claim—which had not materialized at the time of his EEOC complaint because he had yet to be transferred out of his job—could reasonably have been expected to grow out of his charges that he was working in a hostile discriminatory environment. *Id.* We reverse the district court's determination that it lacked subject-matter jurisdiction over Hernandez's retaliation claim.

Employment discrimination claims are analyzed under the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case of disparate treatment, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more

favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca*, 374 F.3d at 847 (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 604 (9th Cir. 2004)). To establish a prima facie case of retaliation, a plaintiff must show that: "(1) she engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, (2) the [defendant] subjected her to an adverse employment action, and (3) 'a causal link exists between the protected activity and the adverse action.'" *See Manatt v. Bank of America, NA*, 339 F.3d 792, 800 (9th Cir. 2003) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)) (footnotes omitted). The quantum of evidence needed to establish a prima facie case is "minimal" and less than a preponderance of the evidence. *See Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997).

Once a prima facie case is established, the defendant must offer "a legitimate, nondiscriminatory reason for the adverse employment action." *Fonseca*, 374 F.3d at 849. If a legitimate reason is provided, the plaintiff must then show that the reason given is pretextual. *See Pottenger v. Potlach Corp.*, 329 F.3d 740, 746 (9th Cir. 2003). "[A] plaintiff can prove pretext either (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by

showing that unlawful discrimination more likely motivated the employer." *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002) (internal quotation marks omitted).  The evidence used to establish the plaintiff's prima facie case may be sufficient to rebut a defendant's evidence and show that the defendant's proffered reason for the adverse action is a pretext.  *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000).

The district court granted summary judgment on the disparate treatment claim, concluding that Hernandez had failed to show satisfactory job performance or an adverse employment action.  There are disputed issues of fact as to both elements.  Although Hernandez was given written and verbal reprimands for alleged poor performance, contrary evidence suggests that those admonishments were pretextual.  Hernandez had uniformly positive job evaluations both before and after he worked at the Fire Shop.  Two of Hernandez's former co-workers submitted affidavits stating that Hernandez's work at the Fire Shop was scrutinized more heavily because of his race.  One of those co-workers offered an unprompted statement during an exit interview that he believed Hernandez was being discriminated against on account of race.  This conflicting evidence is more than adequate to raise a disputed issue of fact as to Hernandez's job performance. *Messick v. Horizon Indus.*, 62 F.3d 1227, 1229-31 (9th Cir. 1995).

Similarly, there are disputed fact questions as to whether Hernandez suffered an adverse employment action. Defendants contend that Hernandez's decision to transfer out of his job in the Fire Shop—to a lower-paying position with inferior benefits—was "voluntary." Hernandez's affidavit maintains he was told that he could either accept the transfer or be terminated.[1] Two additional affiants supported Hernandez's characterization of the transfer. Hernandez met the "minimal" burden necessary to establish a prima facie showing of an adverse employment action. *Cordova*, 124 F.3d at 1148.

Hernandez also established a prima facie case of retaliation. The district court erred in its conclusion that there was no causal link between a protected activity and an adverse employment action. In March 2002, Hernandez complained to the city's human resources department that his drill had been vandalized. He told human resources that he believed the vandalism was racially motivated. He reiterated those complaints a month later to the city's Fire Chief. After these complaints, starting in June 2002, Hernandez received a series of verbal

---

[1] The district court abused its discretion when it excluded Hernandez's affidavit on a "sham affidavit" rationale. The district court did not point to any specific instance where Hernandez's affidavit contradicted his prior deposition testimony; a comparison of the two reveals that no contradiction exists. *Messick*, 62 F.3d at 1231 (holding that "sham affidavit" doctrine does not apply to later affidavit where a party is merely "elaborating upon, explaining or clarifying prior testimony").

and written reprimands. As a result of a confrontation with a co-worker in December 2002—prompted by Hernandez's accurate complaint that the co-worker had made a faulty repair—Hernandez was transferred out of the Fire Shop. The time between Hernandez's complaints and the subsequent negative evaluations and adverse employment action is sufficiently close for Hernandez to carry his prima facie burden. *See Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir. 2003) ("Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases.").

    Finally, as to both the disparate treatment and retaliation claims, the district court erred when it found that Hernandez had produced "no evidence" to rebut Defendants' proffered reason for the adverse action as pretextual. Defendants maintain that Hernandez was transferred out of the Fire Shop because he was, in effect, a bad mechanic. A variety of evidence showed otherwise. Hernandez offered affidavits from two co-workers who testified that he was discriminated against on account of his race. The employee with whom Hernandez was involved in an altercation was not reprimanded or disciplined in any form, while Hernandez was transferred out of the Fire Shop. *See Fonseca*, 374 F.3d at 850 (evidence that white workers not punished for the same conduct as Hispanic plaintiff supports

7

claim of pretext).  Finally, Hernandez offered evidence—including deposition testimony from Fire Shop employees—that showed that certain Fire Shop and Fire Department personnel had made anti-Hispanic racist remarks.  Hernandez's indirect and direct evidence raised a disputed issue of material fact as to whether Defendants' proffered reason for the adverse action was pretextual.  *See Chuang*, 225 F.3d at 1127-28.

Next, the district court granted summary judgment on Hernandez's hostile work environment claim because it concluded that his allegations "fall short of the severity of conditions that constitute a hostile work environment." "In determining if an environment is so hostile as to violate Title VII, we consider whether, in light of 'all the circumstances,' the harassment is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112-13 (9th Cir. 2004) (internal citations omitted).  Hernandez, viewing the evidence in the light most favorable to him, has raised a disputed issue of fact as to the severity of the conditions at the Fire Shop.  In opposition to summary judgment, Hernandez placed evidence in the record to show that: co-workers refused to engage with him and purposely gave him misleading advice on how to perform repairs; his equipment was vandalized by co-workers hostile towards him because of his race;

8

human resources personnel investigating his complaints dismissed his charges of racism as "sarcastic"; and, superiors and co-workers had made racist comments regarding Hispanics generally.

Defendants dispute Hernandez's depiction of the Fire Shop as a hostile workplace and placed countervailing evidence in the record tending to show that any perceived hostility towards Hernandez was a result of his incompetence as a mechanic. But it is not for us—or the district court—to weigh evidence on summary judgment and choose the version of events we consider more persuasive or believable. *See McGinest*, 360 F.3d at 1113 n.5. Hernandez's allegations of hostility, if credited, describe conduct that "pollute[d] [Hernandez's] workplace, making it more difficult for [him] to do [his] job, to take pride in [his] work, and to desire to stay on in [his] position." *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994). We therefore reverse the district court's order granting summary judgment in favor of Defendants on Hernandez's hostile work environment claim.

Finally, we reverse the district court's dismissal of Hernandez's 42 U.S.C. § 1985(3) conspiracy claim. To establish a § 1985(3) conspiracy claim, the plaintiff must show: "[1] the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; [2] an act in furtherance of the conspiracy; and [3]

a resulting injury." *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998). The district court granted summary judgment on this claim based on its conclusion that Hernandez had "produced no evidence" in support of a conspiracy or race-based discriminatory animus. The district court's conclusion is unwarranted; Hernandez produced evidence in support of both elements.

Hernandez provided an affidavit from his former attorney, Gregory Ferguson, documenting a conversation with Tanninen wherein Tanninen admitted that Hernandez was subject to race-based discrimination at the Fire Shop.[2] Tanninen subsequently refused to corroborate that admission after conferring with Deputy Fire Chief Steve Streissguth. When asked about these statements in an interview with a city investigator, Tanninen denied that Hernandez's co-workers were biased against him and gave inconsistent answers on the issue of whether there was a perception that Hernandez was hired because of his race. Tanninen

---

[2]The district court abused its discretion when it excluded the Ferguson affidavit as hearsay. Although the Ferguson affidavit contained two out-of-court statements, neither statement was hearsay. The first statement was from one of Hernandez's co-workers, Roger Osborn, who told Tanninen that Hernandez "had gotten his job because he was Mexican, and that [his co-workers] were not going to put up with that." This statement is not hearsay; it was not offered to prove the truth of the matter asserted, but rather as evidence of Defendants' racially-tinged motives. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001). The second statement, from Tanninen to Ferguson, is not hearsay as to the conspiracy claim because it is an admission of a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A).

also equivocated on the content of his conversation with Streissguth; he refused to say that Streissguth had told him to tell the truth, urging him instead to simply do what "is right." This evidence, viewed in the light most favorable to Hernandez, goes to show that a conspiracy existed between Tanninen and the city to cover up the investigation of race-based hostility. We cannot say, as a matter of law, that the evidence is so one-sided and undisputed that Defendants are entitled to summary judgment on this claim. *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) ("A claim of conspiracy, being dependent on questions of intent, may not always be amenable to disposition on summary judgment."); *Scott*, 140 F.3d at 1285 (affirming denial of defendant's motion for judgment as a matter of law on § 1985(3) claim given the "inconsistencies in [the defendant's] testimony").

**REVERSED.**