UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROLANDO HERNANDEZ,

    Plaintiff,

v.

CITY OF VANCOUVER and MARK TANNINEN,

    Defendants.

Case No. CO4-5539 FDB

ORDER RE DEFENDANTS' MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY

This is an action for employment discrimination, retaliation and hostile work environment under 42 U.S.C. § 2000 (Title VII), 42 U.S.C. §1981, 42 U.S.C. § 1983, 42 U.S.C. §1985 and Washington Law Against Discrimination State, RCW 49.60. Presently before the Court is Defendants' motion to exclude certain expert testimony.

**Limitation on Number of Experts**

Plaintiff has identified three treating mental health professionals who would testify to the treatment provided to Mr. Hernandez and the opinions they drew about his medical condition during the course of that treatment. Plaintiff also list as a metal health expert, Dr. James Boehnlein. Defendants move to limit Plaintiff to one psychiatric witness to provide testimony on the topic of

ORDER - 1

Plaintiff's metal health.

Local Rule 43(j) provides that "[e]xcept as ordered by the court, a party shall not be permitted to call more than one expert witness on any subject." This rule, however, does not prohibit the introduction of the testimony of Plaintiff's treating physicians. A treating physician is not an "expert" simply by virtue of his or her expertise. Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in the respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts. However, to the extent that their testimony is based on their own diagnosis and treatment, treating physicians are not "retained or specially employed" to render opinion testimony, nor are they "regularly employed" for such a purpose. Therefore, they are not subject to the "report" requirement of Rule 26(a)(2)(B), and courts generally allow treating physicians for whom no expert witness report has been provided to testify as to their opinions on causation, diagnosis, prognosis, extent of disability, or other matters based on their treatment of a party.

In this case, Plaintiff has indicated that the mental health professionals will limit their testimony to their personal knowledge, based on their examinations of the Plaintiff. The doctors do not intend to offer opinions outside their treatment of Plaintiff or offer opinions based on matters other than their examinations of Plaintiff. Thus, the doctors are not expert witnesses as such.

As percipient witnesses, each of these treating psychiatrists may testify to the basis for his treatment, diagnosis, and prognosis. The Advisory Committee Notes to Federal Rule of Civil Procedure 26(b)(4) recognize as much, stating, "[an] expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of this lawsuit ... should be treated as an ordinary witness." Thus, the treating physicians are permitted to testify to their observations regarding diagnosis, treatment, and prognosis.

ORDER - 2

1  The admissibility of testimony of Plaintiff's treating physicians is limited to medical opinion
based on their respective treatment of Plaintiff. Unless designated as an expert, treating physicians
are prohibited from rendering medical opinions based on factors that were not learned in the course
of their respective treatment of the Plaintiff.

Plaintiff has designated Dr. James Boehnlein as an expert that may render a medical opinion
based on factors not learned in the course of his treatment of Plaintiff. Such designated expert is
subject to the "report" requirement of Rule 26(a)(2)(B). Thus, there is but one mental health expert
and Defendants' motion to limit the number of experts is without merit.

**Dr Boehnlein's Testimony as to Credibility and Post-Traumatic Stress Disorder (PTSD)**

Defendants seeks to exclude testimony of Dr. James Boehnlein that vouches for the
credibility of Plaintiff and testimony regarding Plaintiff's PTSD symptoms.

With respect to opinions of the expert as to the Plaintiff's credibility, it is established that
because it is the province of the jury to determine credibility, opinions that are nothing more than
vouchers for or attacks on credibility do not assist the trier of fact. United States v. Barnard, 490
F.2d 907, 912-13 (9th Cir. 1973); United States v. Awkard, 597 F.2d 667, 671 (9th Cir. 1979).
Whether a witness is truthful or accurate is generally not a proper subject for expert testimony.
Lindsey v. United States, 237 F.2d 893, 895-97 (9th Cir. 1956) (error for psychiatrist to testify to
witness's credibility)

Thus, opinions regarding Plaintiff's credibility in general are inadmissible, although there
might be some room for the expert to testify to his reliance on Plaintiff's statements to him and his
impression that he had not been mislead as a basis for his opinion (as distinct from testifying to
Plaintiff's overall credibility). There does not appear to be any set of special circumstances here
that would warrant departing from the general rule that opinions regarding Plaintiff's credibility,
and his credibility with respect to the material allegations, are inadmissible.

Defendants next seek to preclude Dr. Boehnlein from testifying regarding Plaintiff's

ORDER - 3

post-traumatic stress disorder (PTSD) symptoms. Defendants argue that this testimony should be precluded because of the lack of a diagnosis of PTSD. Defendant asserts that the probative value of PTSD testimony is substantially outweighed by the danger of unfair prejudice of PTSD symptom evidence.

Rule 702 of the Federal Rules of Evidence provides for the admissibility of expert testimony if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrel Dow Pharm., Inc., 509 U.S. 579, 592 (1993). This process requires the Court to make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id.

Factors to consider in making the Daubert inquiry include: (1) whether a theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error involved in a specific scientific technique; and (4) general acceptance. Id. at 592-594. However, it is important to keep in mind that "[t]he inquiry envisioned by Rule 702 is ... a flexible one." Id. at 595. The ultimate focus of the inquiry must be solely on the principles and methodology rather than the conclusions that such techniques generate. Id. at 595.

The Court finds that Dr. Boehnlein's testimony regarding PTSD symptoms is relevant and not unduly prejudicial. Evidence of Plaintiff's psychological symptoms is relevant to this employment discrimination action. The fact that the symptoms displayed may not meet the full diagnostic criteria for a PTSD diagnosis may be properly put before the jury on cross-examination

ORDER - 4

of the witness.

**Expert Testimony of Penny Harrington**

Defendants move to exclude the testimony of Plaintiff's "discrimination" expert, Penny Harrington on the subject of discrimination and retaliation because such matters are within the province of the jury, lack sufficient analysis to be admissible, and are premised on an *ipse dixit* methodology.

Ms. Harrington's expert report sets forth eight opinions regarding discriminatory conduct of the City of Vancouver:

1. The City of Vancouver dose not mandate diversity training for its supervisors. This failure to provide regular training for managers causes them not to recognize discrimination in the workplace and take action to stop it. By failing to ensure that every supervisor recognizes discrimination and harassment and knows how to deal with it, the City of Vancouver failed to protect Rolando Hernandez from discrimination.

2. The Human Relations Department personnel failed to recognize or ignored the obvious indications that Hernandez was being subjected to a hostile work environment, discrimination and retaliation.

3. When Human Relations and Fire Department personnel did become aware that there were problems in the Fire Shop, they mishandled the situation, thereby increasing the retaliation that Hernandez experienced.

4. Chief Bivens has a history of ignoring complaints of discrimination.

5. Rolando Hernandez was subjected to a hostile work environment at Vancouver Fire Department Fire Shop. He was the only minority employee in the Fire Shop.

6. Rolando Hernandez was subjected to harsher disciplinary treatment at the Vancouver Fire Shop than other employees for similar errors.

7. Rolando Hernandez was subjected to retaliation for filing a claim of race discrimination against the City fo Vancouver. He was also subjected to retaliation after John Waudly reported to HR that he believed that Hernandez was the victim of race discrimination.

8. It appears that Deputy Chief Steve Streissguth manufactured evidence in this case.

In response to Defendants' motion to exclude the testimony of Penny Harrington, Plaintiff

ORDER - 5

has withdrawn Opinion No. 8. Regarding the challenges to the remaining seven opinions, Plaintiff acknowledges that some may warrant the excising of legal conclusions or are close calls; bordering on impermissible legal conclusions.

Federal Rule of Evidence 702 provides that expert testimony is admissible if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony under Rule 702 must be both relevant and reliable. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). The Rule 702 inquiry is a flexible, fact-specific inquiry that embodies the twin concerns of reliability and helpfulness. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999); Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1184 (9th Cir. 2002).

Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury and whether it addresses an issue beyond the common knowledge of the average layman. Daubert, 509 U.S. at 591; Elsayed Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1063 n. 7, 1066 n9 (9th Cir. 2002), amended by 319 F.3d 1073 (9th Cir. 2003). To be admissible, "expert testimony must ... address an issue beyond the common knowledge of the average layman." United States v. Vallejo, 237 F.3d 1008, 1019 (9th Cir. 2001), amended by 246 F.3d 1150 (9th Cir. 2001); see also United States v. Hanna, 293 F.3d 1080, 1086 (9th Cir. 2002). Trial courts may exclude testimony that falls short of achieving either of Rule 702's twin concerns of reliability and helpfulness.

It is well-established that expert testimony concerning an ultimate issue is not per se improper. Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004); Mukhtar, 299 F.3d at 1066 n. 10. Indeed, Fed. R. Evid. 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." That said, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Hangarter, at 1016, Mukhtar, at 1066 n. 10.

ORDER - 6

Rule 704(a) provides that opinion testimony is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact. However, Defendants' objection is based on Harrington's opinions with regard to ultimate legal conclusions, not ultimate factual issues. Testimony as to ultimate issues is not permitted when it consists of legal conclusions or opinions. Traumann v. Southland Corp., 858 F. Supp. 979, 985 (N.D. Cal. 1994)(Expert testimony must embrace factual issues and may not include legal opinions or conclusions). Testimony as to ultimate issues is not permitted when it consists of legal conclusions or opinions. Nationwide Transport Finance v. Cass, 523 F.3d 1051,1058 (9th Cir. 2008).

Expert testimony as to proper governance standards is allowed and Plaintiff's expert may testify about the City's deviation from good human resources practices under Rule 702. The Defendants' failure to follow such practices is relevant to Plaintiff's contention that the Defendants actions were discriminatory, and Harrington's testimony could assist the jury because the average juror is unlikely to be familiar with human resources management policies and practices. The Court, however, agrees with Defendants that the Ms. Harrington may not testify that the Defendants' failure to comply with good human resources practices is indicative of discrimination. While the jury may ultimately accept such an inference, Ms. Harrington's testimony to that effect is unlikely to assist the jury and runs the risk that the jury will pay unwarranted deference to Harrington's expertise.

Much of Ms. Harrington's expert report consists of little more than a recitation of Plaintiff's evidence, combined with her conclusion that the evidence demonstrates that Plaintiff was discriminated against. Allowing this form of testimony would greatly infringe upon the role of the jury. Similarly, Ms. Harrington's conclusions are not based upon any specialized knowledge; the jury can consider the same evidence she has considered and is certainly qualified to make conclusions based upon that evidence. See Ward v. Westland Plastics, Inc., 651 F.2d 1266, 2171 (9th Cir. 1980)( trial court properly refused to permit plaintiff's expert in discrimination and

ORDER - 7

affirmative action to testify that in his opinion employer discriminated against plaintiff). As the Ninth Circuit as noted, an expert can testify as to an ultimate issue of fact, but not as to an ultimate issue of law. See Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1064 n. 10 (9th Cir. 2002).

The Court sees little of value in the proposed testimony of Ms Harrington that is not an expression of an ultimate issue of law. The proposed testimony would concern facts that percipient witnesses will know; facts that are not particularly technical or needy of translation into lay language. In terms of whether, in fact, those facts establish discrimination is not for the expert to say; she was not a participant. The opinion that the Defendants discriminated against Plaintiff is the very issue which the jury must decide. It appears to the Court that Ms. Harrington, on the basis of the report in which her testimony is described, brings no expertise to this action, but only either recapitulation of percipient testimony or articulation of legal conclusions.

The Court concludes that Ms. Harrington's expert testimony and report, as currently proposed, should be excluded. The opinions of Ms. Harrington that the Defendants failed to protect Plaintiff from discrimination (Opinion #1), HR failed to recognize or ignored discrimination (Opinion #2), HR and the Fire Department increased the retaliation that Plaintiff experienced (Opinion #3), the Fire Chief has a history of ignoring complaints of discrimination (Opinion #4), the Hire Department subjected Plaintiff to a hostile work environment (Opinion #5), the Fire Department subjected Plaintiff to harsher disciplinary treatment than others (Opinion #6), Plaintiff was subject of retaliation for filing a discrimination claim (Opinion #7), and Deputy Fire Chief manufactured evidence (Opinion #8), are nothing more than legal conclusions that invade the province of the jury as the trier of fact. Fed. R. Evid. 702. Accordingly, the Court strikes the current proposed expert testimony and report of Penny E. Harrington.

ORDER - 8

## Conclusion

For the reasons set forth above, the Court will exclude the proposed testimony and report of Plaintiff's expert witness, Penny Harrington. Plaintiff's expert, Dr. James Boehnlein is precluded form testifying as to the credibility of Plaintiff with respect to the material allegations of the complaint.

ACCORDINGLY,

IT IS ORDERED:

Defendants' Motion to Exclude Certain Expert Testimony [Dkt. #99] is **GRANTED IN PART**. Plaintiff is precluded from introducing the proposed expert testimony and report of Penny Harrington. Plaintiff's expert Dr. James Boehnlein is precluded from testifying as to the credibility of Plaintiff in regard to the material allegations of the complaint or that racial prejudice existed in Plaintiff's workplace.

DATED this 5th day of February, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 9