HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROLANDO HERNANDEZ, | Case No. C04-5539 RBL |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VANCOUVER and MARK TANNINEN, | [Dkt. #148] |
| Defendants. | |

THIS MATTER is before the Court on Defendants' Renewed Motion to Compel *In Camera* Review and Production of Certain Documents from Attorney Gregory Ferguson's File. Dkt. #148. The Court has reviewed the requested documents *in camera* and determines, for the reasons noted below, that none are discoverable.

In 2004 Plaintiff sued Defendants, asserting claims based on racial discrimination and conspiracy under 42 U.S.C. § 1985. Plaintiff Hernandez was originally represented by Attorney Gregory Ferguson, who interviewed Defendant Mark Tanninen regarding Plaintiff's claims. At first, Tanninen was willing to sign a statement corroborating Hernandez's assertions, but later changed his mind. Attorney Ferguson withdrew from the case, realizing he might now be called as a witness to discuss Tanninen's original statements. Hernandez modified his claim to allege conspiracy against Tanninen and the City.

ORDER
Page - 1

The City moved to compel all of Ferguson's notes and work product on the ground that since Hernandez was relying on Ferguson as a witness, the attorney-client privilege was waived. The District Court agreed. *See Hernandez v. City of Vancouver*, 2006 WL 2076568 (W.D. Wash. 2006). The Ninth Circuit issued a writ of mandamus to the district court's order, finding that it had erred in determining that all of Ferguson's file was discoverable. *Hernandez v. City of Vancouver*, 604 F.3d 1095, 1101 (9th Cir. 2010). The court ruled that only the parts of Ferguson's file that discussed his communications with Tanninen were discoverable, because Hernandez had waived attorney-client and work-product privilege as to this information but not to any other generalized attorney-client information not regarding Tanninen. *Id.* at 1102. The court advised the district court to reconsider its original order.

This Court granted Defendants' request to review the documents *in camera* and the Court has conducted a review of: HER 0893-916, 0922-2, 0925, 0932, 0935-48, 0950–61, and 1002-39. Under the standard articulated by the Ninth Circuit, none of the documents reviewed are discoverable because none of them relate to Attorney Ferguson's communications with or about Tanninen.

**IT IS SO ORDERED.**


Dated this 10th day of December, 2010.



_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE