HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROLANDO HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VANCOUVER et al.,<br><br>　　　　　Defendants. | CASE NO. C04-5539 RBL<br><br>ORDER ON ADMISSIBILITY OF EEOC PROBABLE CAUSE DETERMINATION |

THIS MATTER is before the Court on Plaintiff's renewed argument on the admissibility of the EEOC's letter of "probable cause determination." Plaintiff relies on *Plummer Western International Hotels Company, Inc*., 656 F.2d 502, 505 (9th 1981), and its progeny for the proposition that the letter is *per se* admissible and that "it is reversible error to exclude an EEOC probable cause determination." *See also Heyne v. Caruso*, 69 F.3d 1475, 1483 (9th Cir. 1995).

The letter contains no analysis of the facts, no explanation of the nature of the EEOC's investigation, or any other information that might be helpful to the jury. It contains only a conclusion:

> *I have considered all the evidence disclosed during the investigation and have determined that there is reasonable cause to believe that [Plaintiff's] allegations are true*.

Pl.'s Ex. 8 (emphasis added). The letter then states that the Commission "attempts to eliminate the alleged unlawful practices by informal means of conciliation," and "invites the parties to join with it in reaching a just resolution." *Id.* If defendants "decline[] to discuss settlement" then the EEOC Director will inform the parties of "court enforcement alternatives," i.e., how to sue. Thus, by concluding that conciliation and settlement are warranted, the EEOC has made a determination of the case on the merits: Defendants are liable.

Defendants argue that the Court has discretion to exclude the probable cause determination and that it should do so. They emphasize that they moved months ago for an Order *in limine* excluding the "EEOC process," that Plaintiff failed to respond, and the Motion was granted. They argue it is too late and unfair to seek reconsideration on the first day of trial. They also point out that the determination's author will not be a witness.

Plaintiff's argument for admissibility rests on the Ninth Circuit's consistent, if flawed, reasoning that a probable cause determination is a "highly probative evaluation of an individual's discrimination complaint." *Plummer*, 656 F.2d at 505. This Court is forced to wonder what exactly that means. The determination itself does not aid the jury in interpreting the evidence, it does not facilitate an understanding of the law. Rather, it is the imprimatur of a federal agency on Plaintiff's case. The Ninth Circuit has exempted the letter from Federal Rule of Evidence 403 (which applies to all other evidence) and created a blanket rule, declaring that in all cases "the probative nature of the finding outweighs any prejudicial effect it may have on a jury." *Id.* The basis for pressing the thumb on a plaintiff's side of the scale is that "[a] civil rights plaintiff has a difficult burden of proof, and should not be deprived of what may be persuasive evidence." *Id.* at 505. Unfortunately, in aiding meritorious plaintiffs, the rule also aids frivolous claims.[1]

---

[1] To be clear, the Court does not imply that Mr. Hernandez's claims are frivolous.

The Ninth Circuit muddled the waters more deeply in *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). *Gilchrist* involved the admission of an EEOC letter of violation, not a mere probable cause determination. The Ninth Circuit reasoned that while a probable cause determination was always admissible, a letter of violation (which one would expect to be even more probative) is not always so. The "critical" difference between the two, according to the Ninth Circuit, is that a letter of violation reflects the EEOC's "conclusion that a violation of the Act has occurred," and the letter therefore presents an increased risk of undue prejudice. *Id.* at 1500. A probable cause determination, on the other hand, "does not suggest to the jury that the EEOC has already determined that there has been a violation," but instead is just a "suggest[ion] that preliminarily there is a reason to believe that a violation has taken place." *Gilchrist*, 803 F.2d at 1500.

There is a third EEOC determination to add to the mix: the determination of insufficient facts. The Ninth Circuit has held that this "evidence," a determination to halt an EEOC investigation, is subject to the normal rules of evidence. *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999).

To recap, a letter of violation is too prejudicial to be *per se* admitted; a letter of probable cause determination is highly probative and therefore *per se* admitted; and a determination of insufficient facts may be admitted in the court's discretion.

The reasoning behind this hierarchy is baffling. If the probable cause determination is "highly probative" of anything, it is that a violation *could have* occurred. The jury can surmise that discrimination could have occurred from the fact that the Court has not dismissed the case before trial. In short, the letter of probable cause is simply a comment on the ultimate legal conclusion, akin to an expert witness who takes the stand and says "Defendant is liable," and

nothing else. It provides nothing. Indeed, the Ninth Circuit's holding that the probable cause determination is "highly probative" can be traced to *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir. 1972), which indicates as much:

> The fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred, ***is highly probative of the ultimate issue*** involved in such cases.

*Id.* at 157 (emphasis added). Thus, the letter, drafted by a party with no firsthand knowledge, is evidence used by the plaintiff to show that his claim has merit, that the discrimination he claims actually happened, and that the EEOC agrees.

Defendants are left in an unenviable position. They must spend expensive trial time attacking the EEOC's investigation and conclusion rather than actually putting on evidence directly relevant to the parties. And worse, they are left to fight the impression that a federal agency has already decided the case. (Indeed, the Court asks the jury to determine who is liable on a more-probable-than-not basis and simultaneously informs them that a federal agency found probable cause to bring suit for discrimination.) Further, the letter paints the Defendants as unreasonable in failing to settle the case before trial—as advised by the EEOC.

Here, Defendants' primary argument in favor of exclusion is that the letter was the subject of a previously granted Motion in Limine. But the Motion clearly demonstrates that Defendants recognized that the determination was admissible; they wanted the background investigation and the conciliation between the City and the EEOC—the "EEOC process"—to be excluded. That Motion was granted. The probable cause determination, however, was not specifically at issue.

Despite Defendants' suggestion to the contrary (and to this Court's chagrin), the Ninth Circuit has held that the Court has no discretion to exclude a letter of probable cause. The EEOC's February 12, 2004, probable cause determination will therefore be admitted.

IT IS SO ORDERED.

Dated this 14th day of June, 2012.

_____
Ronald B. Leighton
United States District Judge

ORDER ON ADMISSIBILITY OF EEOC
PROBABLE CAUSE DETERMINATION - 5