1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

ROLANDO HERNANDEZ,

9

Plaintiff,

10

v.

11

CITY OF VANCOUVER and MARK
TANNINEN,

12

Defendants.

13

CASE NO. C04-5539 BHS

ORDER GRANTING
INTERESTED PARTY'S
MOTION AND DENYING
DEFENDANTS' MOTION

14

15

16

17

18

19

20

21

22

This matter comes before the Court on the Equal Employment Opportunity

Commission's ("EEOC") motion to quash subpoena duces tecum (Dkt. 332) and

Defendants Mark Tanninen and the City of Vancouver's ("Defendants") motion to

exclude the EEOC's Determination Letter (Dkt. 340).  The Court has considered the

pleadings filed in support of and in opposition to the motions and the remainder of the

file and hereby grants the EEOC's motion and denies Defendants' motion for the reasons

stated herein.

# I. PROCEDURAL HISTORY

This case has an extremely long procedural history, only some of which is relevant to the instant motions.  On June 14, 2012, the Honorable Ronald Leighton issued an order denying Defendants' motion to exclude the EEOC's determination letter.  Dkt. 271.

On June 13, 2013, the EEOC filed the motion for a protective order and to quash a subpoena served by Defendants.  Dkt. 332.  On June 24, 2013, Defendants responded (Dkt. 338) and Plaintiff Rolando Hernandez responded (Dkt. 336).  On June 28, 2013, the EEOC replied.  Dkt. 342.

On June 24, 2013, Defendants filed a motion to exclude the EEOC letter.  Dkt. 340.  On June 28, 2013, Hernandez responded.  Dkt. 341.  On July 12, 2013, Defendants replied.  Dkt. 343.

# II. DISCUSSION

**A.      The Letter**

Defendants' motion to exclude essentially requests reconsideration of Judge Leighton's order.  That order speaks for itself, and, even though the letter is highly prejudicial, the Court is bound by precedent.  Therefore, the Court denies Defendants' motion.

**B.      The Subpoena**

In serving the subpoena, Defendants contend that, to offset the prejudice of the EEOC determination letter, they should be entitled to "have the opportunity to present contextual evidence through the testimony of an EEOC employee."  Dkt. 338 at 1–2.  However, the evidence that Defendants are entitled to may be obtained through a records

1   custodian and publically accessible documents detailing the EEOC process.  The internal

2   EEOC records are entitled to the deliberate process privilege, and the requested

3   deposition is not likely to lead to admissible evidence because the director, Jeanette

4   Leino, has no independent recollection of Hernandez's charge.  Therefore, the Court

5   grants the EEOC's motion.

### III. ORDER

7        Therefore, it is hereby **ORDERED** that EEOC's motion to quash subpoena duces

8   tecum (Dkt. 332) is **GRANTED** and Defendants' motion to exclude the EEOC's

9   Determination Letter (Dkt. 340) is **DENIED**.

10       Dated this 30th day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3